PARIENTE, J.,
concurring.
I write to address the dissent’s argument that, despite the unanimous jury recommendation for death, the Hurst error in Truehill’s case cannot be considered harmless beyond a reasonable doubt because three of the six aggravating factors presented to the jury required a factual determination.
In this case, three of the six aggravating factors—that Truehill was under a sentence of imprisonment at the time of the crime; that Truehill had a prior violent felony; and that Truehill committed the murder while engaged in the commission of a kidnapping or robbery—did not require the jury to make a separate factual determination to establish that the aggravating factor was proven beyond a reasonable doubt. Although I agree that, under Hurst, only the aggravating factors found *961 unanimously by the jury can be considered in determining the sufficiency of the aggravating factors, whether all twelve jurors unanimously agreed on each of the remaining three aggravating factors does not alone render the jury’s unanimous recommendation per se harmful. Rather, what we know is that the jury unanimously determined that there were sufficient aggravating factors to outweigh the mitigating circumstances and unanimously recommended death as the appropriate penalty. Further, none of the aggravating factors that the State and the trial court relied on in imposing death were challenged by Truehill or deemed improper by this Court. Considering the circumstances of this crime, including the aggravating factors and the mitigating circumstances, I agree with the majority that any Hurst error in this case was harmless beyond a reasonable doubt.
For these reasons, I concur.